UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:
Donna Mennella,                                              **MEMORANDUM OF**
                                                                                            **DECISION AND ORDER**
                          Debtor.                            CV 07-01907 (ADS)
----------------------------------------------------------X

**APPEARANCES**:

**ZINKER & HERZBERG, LLP**
Attorneys for the Appellant Zinker & Herzberg, LLP
278 East Main Street, Suite C
P.O. Box 866
Smithtown, NY 11787-0866
       By:    Jeffrey Herzberg, Esq., Of Counsel

**OFFICE OF THE U.S. TRUSTEE**
Attorney for the Appellee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY 11722
       By:    Stan Yang, Esq., Of Counsel

**THALER & GERTLER**
Attorney for the Debtor
900 Merchants Concourse
Suite 414
Westbury, NY 11590
       By:    Andrew M. Thaler, Esq., Of Counsel

**SPATT, District Judge.**

        This appeal arises from an April 2, 2007 Memorandum of Decision and Order (the "Order") by United States Bankruptcy Judge Stan Bernstein which reduced the amount of compensation sought by the law firm of Zinker & Herzberg, LLP ("ZH" or the "Appellant"), attorneys for Richard L. Stern, Esq. ("Stern" or the "Trustee"), the

Chapter 7 trustee of the Estate of Donna Mennella (the "Debtor").

## I. BACKGROUND

### A. Factual Background

On July 29, 2004, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code and Stern was appointed as the Trustee. By order dated October 8, 2004, the law firm of Zinker & Herzberg, LLP was authorized to act as attorneys for the Trustee.

On behalf of the Trustee, ZH investigated the Debtor's finances and an alleged fraudulent transfer made by Michael Minnella, the Debtor's husband. At that time, the Debtor and Michael Minnella were engaged in a contentious divorce proceeding. ZH commenced an adversary proceeding against the Debtor's husband, and his parents.

ZH discovered that the Debtor and Michael Minnella sold a home (the "Property") on April 7, 2000 for $850,000. After various disbursements, the Debtor and her husband received approximately $326,522.38 in net closing proceeds. The closing proceeds were given to Michael Minnella and his parents. However, ZH also discovered that the Debtor and her husband had signed an undated document in which they agreed to reimburse Salvatore Minnella, the Debtor's father-in-law, in the amount of $214,000, as repayment for a loan made to the Debtor and her husband for a down payment on the Property.

The Debtor contended that the money provided by her husband's parents was a gift, rather than a loan. The Debtor also disputed that she had signed the undated document at the time that she received the money.

ZH initiated an adversary proceeding against Michael Minnella seeking recovery of the alleged excess obtained by him and his parents from the closing proceeds. ZH believed that the Trustee would be entitled to summary judgment on the fraudulent transfer cause of action. However, at the Debtor's deposition she testified that her in-laws had, in fact, advanced $214,000 for the purchase of the Property and although she believed that the first $100,000 was a gift, she was aware that the remaining advance was a loan. In addition, ZH discovered that Michael Minnella had repaid more than $35,000 of the loan for the Debtor's benefit, as well as having paid her car loan and credit card bills.

As a result, ZH admits that although it instituted the adversary proceeding because it believed that Michael Minnella had fraudulently transferred the Debtor's 50% share of the $326,522.38 in closing proceeds, the evidence revealed an alleged fraudulent transfer of much less. ZH realized that Michael Minnella's parents had, in fact, loaned the Debtor money for the purchase of the house. In fact, although the parents had advanced $214,000, the Debtor only believed that $100,000 was a gift. As a result, only the Debtor's 50% share of that $100,000 gift, or $50,000, was allegedly fraudulently transferred. In addition, because the Debtor's husband had

made payments on the Debtor's behalf, that $50,000 was reduced to an even lower figure. As a result, the adversary proceeding initiated by the Trustee was settled for $30,000 and that amount was promptly paid to the Trustee.

On August 4, 2006, ZH filed an application seeking compensation for attorneys' fees rendered in the amount of $22,605.00. Thereafter, ZH voluntarily reduced its fees by the sum of $2,605.00 to the amount of $20,000. ZH also applied for reimbursement of expenses and costs in the amount of $411.59.

**B.     The Bankruptcy Court's Decision**

Judge Bernstein determined that ZH performed a timely investigation of the issues in the case; commenced an adversary proceeding; and negotiated a good-faith settlement. However, Judge Bernstein further determined that the professional fees and costs and the Trustee's maximum commission would exhaust 92.8% of the liquidated assets of the estate. Judge Bernstein found that the Trustee's counsel had entered into a settlement for $30,000. However, the Trustee's maximum commission of $3,758.21; the Trustee's accounting fees of $725; and counsel's requested fees of $20,000 plus costs, totaled approximately $25,000. He found that the general unsecured creditors, the intended beneficiaries of any Chapter 7 administration, were being denied any benefit. Timely filed general unsecured creditor claims totaled $61,654.12. As a result, he determined that a due proportionality analysis between allowed administrative expenses and distributions to unsecured creditors, would be

applied.

Judge Bernstein further determined that ZH did not charge excessive fees, although as the United States trustee noted, ZH did not pull back when it was obvious that the fees were rising to a disproportionate level. Citing to a 2005 decision from this Court, In re Stein, 04-cv-3196, 2005 U.S. Dist. LEXIS 30278 (E.D.N.Y. Mar. 25, 2005), Judge Bernstein concluded that ZH's fees had to be substantially reduced in order to restore proportionality between the administrative expenses and distributions to the general unsecured creditors of the estate. Judge Bernstein determined that an award of $12,000 in attorneys' fees was appropriate.

**C.    The Present Appeal**

On May 8, 2007, ZH filed an appeal from the decision of the Bankruptcy Court regarding the award of attorneys' fees. On May 15, 2007, ZH filed a brief in support of its appeal. ZH contends that the Bankruptcy Court abused its discretion by utilizing an improper standard when it determined the amount of legal fees to be awarded. Specifically, ZH claims that Judge Bernstein incorrectly relied on this Court's holding in In re Stein to justify the reduction in fees in order to insure a proportional distribution to creditors. ZH contends that, pursuant to section 330(a)(3)(C), the Bankruptcy Court may not reduce the amount of reasonable attorneys' fees in order to insure proportional distribution. ZH further contends that it should not be penalized for events that subsequently became known and negatively impacted its ability to reap

a full benefit on behalf of the bankruptcy estate.

The Court has not received any papers opposing the appeal.

## II. DISCUSSION

### A. Standards Of Review

#### 1. The Standard of Review of an Appeal from a Decision of the Bankruptcy Court

A district court hearing an appeal from a bankruptcy court reviews that court's findings of fact under the "clearly erroneous" standard, see Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed under the de novo standard. In re Vouzianas, 259 F.3d 103, 107 (2d Cir. 2001); In re Arochem Corp., 176 F.3d 610, 620 (2d Cir. 1999) (holding that "we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo") (citation omitted); In re Bennett Funding Group, Inc., 146 F.3d 136, 138 (2d Cir. 1998) (same) (citations omitted); see also In re Porges, 44 F.3d 159, 162 (2d Cir. 1995) (same) (citations omitted).

"On appeal, a district court 'may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.'" Eton Centers, Co. v. McNally (In re McNally), No. 02-CV-85, 2003 U.S. Dist. LEXIS 25856, at *3 (S.D.N.Y. June 2, 2003) (citing Fed. R. Bankr. P. 8013).

#### 2. The Standard of Review of an Appeal from a Fee Award

"Bankruptcy courts enjoy wide discretion in determining reasonable fee awards, which discretion will not be disturbed by an appellate court absent a showing that it was abused." Bernheim v. Damon and Morey, LLP, No. 06-3386, 2007 U.S. App. LEXIS 15530, at *2-3 (2d Cir. June 28, 2007) (citing In re JLM, Inc., 210 B.R. 19, 23 (2d Cir. 1997)). The bankruptcy court has abused its discretion when "(1) the bankruptcy judge fails to apply the proper legal standard or follows improper procedures in determining the fee award, or (2) bases an award on findings of fact that are clearly erroneous." Id. (internal citations omitted).

**B.**     **As To The Appeal**

"Section 330 of Title 11 of the United States Code authorizes a bankruptcy court to award (1) reasonable compensation for actual, necessary services rendered by . . . [an] attorney, and by any paraprofessional persons employed by [such attorney]; and (2) reimbursement for actual, necessary expenses. D.A. Elia Constr. Corp. v. Damon and Morey, LLP (In re D.A. Elia Constr. Corp.), No. 04-cv-975A, 2006 U.S. Dist. LEXIS 40577, at *13-14 (W.D.N.Y. June 19, 2006) (citing 11 U.S.C. § 330(a)). As previously stated, "[a] bankruptcy court has considerable discretion in determining reasonable fee awards and a fee award will not be disturbed absent a showing that the bankruptcy court abused its discretion." Id. (internal citations omitted).

Section 330 of the Bankruptcy Code "sets forth the criteria to be considered in determining the appropriate compensation for professional services rendered." Id.

According to the statute:

> (3) In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

There is no indication that the Bankruptcy Court misapplied this section or that it failed to consider any of the foregoing factors. In fact, although the Appellant contends that the Bankruptcy Court used an incorrect standard in determining proper legal fees, Judge Bernstein specifically cited to, applied and discussed section 330 in his memorandum of decision and order in this case. In addition, he determined that ZH performed a timely investigation of the issues and negotiated a good-faith settlement of the case.

The Appellant contends that Judge Bernstein failed to consider whether the

services it rendered were beneficial to the estate at the time the services were rendered. In fact, the Appellant further contends that in In re Stein, this Court also failed to consider that, pursuant to section 330, courts should consider "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered."

In the present case, Judge Bernstein cited to section 330, but determined that the professional fees and costs and the Trustee's maximum commission would exhaust 92.8% of the liquidated assets of the estate. Judge Bernstein found that the Trustee's counsel had entered into a settlement for $30,000. However, the Trustee's maximum commission of $3,758.21; the Trustee's accounting fees of $725; counsel's requested fees of $20,000; plus costs, totaled approximately $25,000. He found that the general unsecured creditors, the intended beneficiaries of any chapter 7 administration, were being denied any benefit. Although $5,000 was left for the creditors, timely filed general unsecured creditor claims totaled $61,654.12. As a result, he determined that he should apply a due proportionality between allowed administrative expenses and distributions to unsecured creditors.

Although the Appellant contends that Judge Bernstein misapplied the law, this Court disagrees. Section 330 allows the court to sua sponte, "award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2). Moreover, "[d]isallowance of compensation under this section is permissive, not

mandatory, and lies within the discretion of the presiding bankruptcy judge."

D.A. Elia Constr. Corp., 2006 U.S. Dist. LEXIS at *30.

Judge Bernstein utilized section 330, but also relied upon this Court's decision in In re Stein, 2005 U.S. Dist. LEXIS 30278. In Stein, this Court, again reviewing an appeal from a determination by Judge Bernstein regarding a fee award, found that:

> [t]he Court's review of the relevant statute and case law indicates that the "due proportionality" analysis utilized by Judge Bernstein is somewhat rare and is often applied in cases in which a trustee and/or his or her counsel engaged in unnecessary or imprudent conduct causing excess fees. However, the Court finds that the application of the "due proportionality" analysis is reasonable in this situation where a substantial portion of the sum recovered by the Trustee would be disbursed to the Trustee's attorney rather than the creditors of the estate. In reaching this conclusion, the Court is not only guided by the Bankruptcy Code, but by common sense and prudence.

In re Stein, 2005 U.S. Dist. LEXIS at *11. Although this Court cited to section 330, and, specifically, to the provision noting that a court may consider "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered," the Court found that in a case in which awarding full fees would result in a small amount remaining for creditors, due proportionality was reasonable. Citing to SEC v. Goren, et al., 272 F. Supp. 2d 202, 206 (E.D.N.Y. 2003), this Court noted that "[d]istrict courts must scrutinize fee applications to ensure that they are reasonable. Furthermore, courts must exercise discretion to avoid even the appearance of a windfall … However, it bears emphasis that whether calculated

10

pursuant to the lodestar or the percentage method, the fees awarded. . . may not exceed what is reasonable under the circumstances." In re Stein, 2005 U.S. Dist. LEXIS at *11.

Specifically, in Stein, in the litigation, the trustee's attorney recovered for the estate the total sum of $40,000 which was only $5,250 more than the amount of fees and expenses sought by the attorney. As a result, if the requested fees and expenses were awarded, only $5,250 would have been left for creditors. Judge Bernstein applied a "due proportionality" analysis to determine the amount of reasonable compensation rather than the lodestar analysis, and, applying that standard, he allowed the attorney a maximum of 40% of the $40,000 recovered, which resulted in a $16,000 fee. Id. Similarly, in the present case, ZH recovered $30,000 which is only $10,000 more than amount of fees and expenses sought by the attorney. Again, applying the "due proportionality" analysis, Judge Bernstein allowed ZH 40% of the $30,000, which resulted in a $12,000 fee. Judge Bernstein's decision complies with this Court's prior decision in a case with substantially similar facts.

Accordingly, the Court finds that, under the circumstances of this case, in reducing the fees awarded to ZH, Judge Bernstein did not abuse his discretion. Rather, Judge Bernstein fairly considered the facts of this case and rendered a fair and reasonable decision. In this regard, the Court notes that the reduction of fees awarded to ZH is not a reflection on the fine quality of its work. As such, the appeal is denied

and the Bankruptcy Court's fee award is affirmed.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that appeal is **DENIED** and the Bankruptcy Court's fee award is affirmed; and it is further

**ORDERED**, that the Clerk's Office is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
January 24, 2008

                                               */s/ Arthur D. Spatt*
                                                ARTHUR D. SPATT
                                             United States District Judge